In the United States District Court
For the Southern District of Ohio
Western Division (Dayton)
Federal Building, Room 712, 200 West Second Street, Dayton, OH 45402

David Hamilton
1394 E. Siebenthaler Avenue
Dayton, OH 45414
    Plaintiff

vs.

Pinnacle Security LLC
Kelly Walker, Registered Agent
1290 Sandhill Road
Orem UT 84058
    Defendant

Case # 3:10 cv 257

THOMAS M. ROSE

SHARON L. OVINGTON

**Civil Complaint
for Damages
and Injunctive Relief**

## Introduction

This Complaint alleges telephone sales calls initiated to a cellular telephone number in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. and the Federal Trade Commission regulations pertaining to that statute (hereinafter the TCPA) and the Ohio Consumer Sales Practices Act, Ohio Revised Code § 1345 et seq. (hereinafter OCSPA). Plaintiff seeks statutory damages and costs, as more fully described below and injunctive relief against the Defendant.

## Parties, Jurisdiction and Venue

1. Plaintiff David Hamilton (hereinafter Hamilton or Plaintiff), is an individual residing at 1394 E. Siebenthaler Avenue, Dayton, Ohio. Plaintiff has resided at this address for all times relevant to this action.

2. Pinnacle Security LLC is a foreign, for-profit corporation, located at 1290 Sandhill Road, Orem, UT 84058 (hereinafter Pinnacle or Defendant). Pinnacle markets home security systems and related products, either directly or through agents, by "cold call" telephone marketing campaigns. Products and services are delivered, if at all, by local alarm installers under contract with Pinnacle.

3. According to the Utah Secretary of State, Kelly Walker, at the address shown in the caption of this complaint, is the Registered Agent for Pinnacle.

4.  This Court has jurisdiction over Defendants for at least the reason that significant parts of the conduct complained of herein occurred within Dayton, Ohio.

5.  This Court has jurisdiction over the subject matter under 28 U.S.C. § 1331 pertaining to complaints arising under the laws of the United States, specifically the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

6.  Venue is proper in Southern District of Ohio, Western Division, Dayton, for at least the reason that a substantial part of the events or omissions giving rise to the claim occurred in Dayton, Ohio.

**Facts Giving Rise to This Cause of Action**

7.  For all times relevant to this action, Plaintiff had a cellular telephone in his residence in Dayton, Ohio with telephone number 937-274-6675, which telephone number is provisioned by T-Mobile Communications. Telephone number 937-274-6675 was placed on the National Do Not Call Registry on June 30, 2003, and has remained on the National Do Not Call Registry at all times since.

8.  Plaintiff has no established business relationship with Pinnacle.

9.  Plaintiff has not given prior express consent to be called to Pinnacle.

10. On March 30, 2010 at 2:40pm Defendant Pinnacle initiated a telemarketing call to 937-274-6675 line using automatic dialing equipment and artificial or prerecorded voices. Upon answering this call, Plaintiff was advised by a prerecorded voice message that he had been selected to receive a wireless home security system at no cost. If he wanted more information Press 1; to be removed from the calling list Press 2. Plaintiff pressed 2, at which time a person calling himself "Kevin" came on the line and repeated the pitch for a wireless home security system, etc. Plaintiff advised Kevin that he was not interested, that the number he had called was on the Do Not Call Registry and to not call again. This call displayed as its originating number 206-397-1535.

11. On June 21, 2010 at 11:24am, Defendant Pinnacle initiated a telemarketing call to 937-274-6675 line using automatic dialing equipment and artificial or prerecorded voices. Upon answering this call, Plaintiff was advised by a prerecorded voice message that he had been selected to receive a wireless home security system at no cost. If he wanted more information Press 1; to be removed from the calling list Press 2. Plaintiff pressed 2, at which time the artificial voice said that all agents were busy with other customers, and then disconnected. This call displayed as its originating number 206-397-1535.

2

12. On June 25, 2010 at 1:53pm, Defendant Pinnacle initiated a telemarketing call to 937-274-6675 line using automatic dialing equipment and artificial or prerecorded voices. Upon answering this call, Plaintiff was advised by a prerecorded voice message that he had been selected to receive a wireless home security system at no cost. If he wanted more information Press 1; to be removed from the calling list Press 2. Plaintiff pressed 2, at which time a person calling herself "Jocelyn" came on the line and repeated the pitch for a wireless home security system at no cost, and asked if Plaintiff wanted more information? For the sole purpose of ascertaining the source of these unwanted and truly obnoxious telemarketing calls, Plaintiff stated that he wanted more information.

13. Jocelyn then transferred the call to a "Mike Moore". Mike stated that he was making this valuable no-cost offer on behalf of Pinnacle Security of Orem, Utah. Mike explained that he could provide all this equipment and installation for free, and that the Plaintiff would only be responsible for a small service fee of $46.99 per month for a 42 month contract period which monthly amount would be charged to my credit card account (they couldn't accept pre-paid credit cards) or debited from my bank account, the first payment of which would be charged within 24-hours of installation. By Plaintiff's calculation, this no-cost wireless home security system would cost approximately $1,973. At this point Plaintiff hung up. This call displayed as its originating number 206-397-1535.

14. On June 25, 2010 at 2:10pm, Defendant Pinnacle acting through sales agent "Mike Moore" called back, apparently undaunted by the hang-up. Without missing a beat, Mike repeated the pitch, then explained that he was going to transfer the call to some other flack at Pinnacle to confirm that they could make this valuable offer to me. Mike then transferred the call to a person calling himself "Jethro", who repeated the price and terms, confirmed that I fully understood all of this, and really wanted this no-cost wireless home security system. Jethro then transferred the call back to Mike who announced that he could arrange installation of this no-cost system on July 7, 2010 during the 3-7pm time block. This June 25, 2010 2:10pm call displayed as its originating number 888-217-2550. According to Pinnacle's internet website (http://pinnaclesecurity.com) toll-free inbound WATS number 888-217-2550 is a "sales information" phone number for Pinnacle.

## Cause of Action

15. The Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. and FTC regulations promulgated there under prohibits the use of automatic telephone dialing systems and/or the use of an artificial or prerecorded voice to call residential numbers.

3

16. The TCPA requires that corporate callers identify themselves during the call by name and telephone number or mailing address and shall, at the beginning of the message, state clearly the identity of the business, individual, or other entity initiating the call.

17. The TCPA requires that the name of corporate telephone solicitors be registered with the Ohio Secretary of State, State Corporation Commission (or comparable regulatory authority).

18. The TCPA prohibits telemarketers from calling names on the National Do Not Call Registry without the express consent of the party called.

19. FTC telephone sales rules specifically prohibit telemarketing calls to cellular numbers or other numbers in which the receiving party must pay for the call.

20. The TCPA provides that a person who has received more than one telemarketing call within any 12 month period may recover for actual monetary loss from such a violation, or receive $500 in damages for each such violation, whichever is greater, and further that if the court finds that the defendant willingly or knowingly violated the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount otherwise available under the [TCPA].

21. A single telemarketing call or series of calls each containing multiple violations of the TCPA is evidence of willing and knowing violation of the TCPA; each violation is actionable and multiple violations should be considered by the Court as grounds for awarding treble damages.

22. The telephone calls, representations and sales practices described in paragraphs 10, 11, 12 and 14 above constitute unfair or deceptive acts or practices within the meaning of Ohio Revised Code § 1345: including but not limited to the facts that Pinnacle repeatedly and deliberately misrepresented this as a no-cost security system when in fact the cost was approximately $2,000, and that Pinnacle repeatedly and deliberately misrepresented that a person's telephone number could be removed from their calling list by "Pressing 2".

**Prayer for Injunctive Relief**

23. Plaintiff respectfully asks that Defendant Pinnacle be restrained during the pendency of this litigation from calling Plaintiff's cellular telephone number using automatic dialing equipment or artificial or prerecorded voices and upon the conclusion of this litigation be permanently enjoined from calling Plaintiff's telephone number. Plaintiff respectfully notes that the TCPA provides:

4

**5) Private right of action**

A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—
(A) an action based on a violation of the regulations prescribed under this subsection to <u>enjoin such violation</u>

## Prayer for Damages

24. Plaintiff asks this Court to award to Plaintiff and against the Defendant statutory damages in amount of Six Thousand Dollars ($6,000) for making the calls to Plaintiff's residential telephone as described in paragraphs 10, 11, 12 and 14 of this complaint, in <u>willing and knowing</u> violations of the TCPA and

25. To award Plaintiff and against the Defendant statutory damages in amount of One Thousand Two Hundred Dollars ($1,200) for violations of the Ohio Consumer Sales Practices Act; and

26. To award Plaintiff his costs in bringing this action; and

27. To award to Plaintiff such other and further relief as this Court may deem proper in the circumstances of the case.

Respectfully submitted this ___29th___ day of June, 2010

_____
David Hamilton, *pro se*
1394 E. Siebenthaler Avenue
Dayton, OH 45414-5358
(937) 274-6675